UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:18-CR-00162-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JOSEPH BOSWELL SR (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is "Defendant's Motion in Limine" (Doc. 83) wherein Defendant, Joseph Boswell, Sr., through counsel, moves to exclude the following from introduction at the trial of this matter:

1. Any evidence or documents disclosed by the Government after the January 2022 trial date because the late disclosure of that evidence violated Rule 16 of the Federal Rules of Criminal Procedure, violated this Court's orders, and violated the defendant's rights under the Constitution.

2. Any evidence of the defendant's personal or business dealings occurring before or after the dates of the charged conduct—September 22, 2011, through August 29, 2013—because such evidence is irrelevant, would confuse the jury, and be overly prejudicial to the defendant.

3. Any evidence or testimony of Boswell's former business and personal relationship with Howard Wells because such evidence is overly prejudicial and irrelevant to the charged conduct.

## INTRODUCTION

On September 22, 2011, Joseph Boswell filed for his second, voluntary bankruptcy protection listing $17,500 in assets and $1.6 million in liabilities.

Boswell was charged in single count indictment with one count of bankruptcy fraud in violation of 18 U.S.C. § 152(1).[1] In a superseding indictment, Boswell was charged with one count of bankruptcy fraud in violation of 18 U.S.C. § 152(1) (Count 1) and one count of attempting to evade and defeat payment of tax in violation of 26 U.S.C. § 7201 (Count 2).[2]

Defense counsel seeks to bar the Government from using any evidence at trial that it failed to disclose before the January 2022 trial date, any evidence concerning Boswell's actions outside the time frame of the indictment, and any evidence concerning Howard Wells and his failed business relationship with the defendant.

Rule 16 of the Federal Rules of Criminal Procedure sets forth the discovery obligation on the Government in a criminal case. Rule 16 requires the Government to disclose "any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control; and the attorney for the government knows--or through due diligence could know—that the statement exists." FED. R. CRIM. P. 16(a)(1)(B)(i). Rule 16 also requires the Government to permit the defendant to inspect and to copy evidence within the Government's possession, custody, or control if "the item is material to preparing the defense." *Id*. 16(a)(1)(E).

*Evidence or documents disclosed by the Government after the January 2022 trial date*

Defense counsel complains that the Government disclosed additional evidence, previously withheld in this case. This evidence was disclosed on April 28, 2022, May 15,

---

[1] Doc. 1.
[2] Doc. 8.

2022, May 18, 2022, and May 26, 2022. Also, on May 13, 2022, the Government filed a notice of intent to introduce evidence of Defendant's other "bad acts" under Federal Rule of Evidence 404(b). Defense counsel argues that this new notice of 404(b) evidence greatly expands the allegations against Boswell to include his personal and business dealings both before and after bankruptcy proceedings.

Defense counsel complains that certain statements made by Boswell that were never disclosed, should have been known by the attorney for the Government because the written documents in their current form existed years before the attorney for the Government produced the documents in initial discovery in this case, and some were in possession of the United States Bankruptcy Trustee. Defense counsel maintains that the newly disclosed evidence is material in preparing Boswell's defense and significantly prejudices him. In addition, the late disclosure of the evidence was produced in violation of the Court's April 11, 2019 Scheduling Order.[3]

Federal Rule of Criminal Procedure 16(a)(1) provides that when a party fails to comply with Rule 16, the Court may:

(A)   order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;

(B)   grant a continuance;

(C)   prohibit that party from introducing the undisclosed evidence; or

(D)   enter any other order that is just under the circumstances.

---

[3] Doc. 25.

"[A] district court exercising its discretion and considering the imposition of sanctions for discovery violations should consider the following factors: 1) the reasons why disclosure was not made; 2) the amount of prejudice to the opposing party; 3) the feasibility of curing such prejudice with a continuance of the trial; and 4) any other relevant circumstances." *United States v. Michalik*, 5 F.4th 583, 590-91 (5th Cir. 2021) (holding it was not an abuse of discretion to admit evidence the government produced after discovery deadline) *United States v. Swenson*, 894 F.3d 677, 684 (5th Cir. 2018); *United States v. Garrett*, 238 F.3d 293, 298 (5th Cir. 2000) (*citing United States v. Sarcinelli*, 667 F.2d 5, 7 (5th Cir. Unit B 1982)).

Rule 16(a)(1)(E) disclosures are limited to items "in the government's possession, custody, or control," *Id.* which generally includes items possessed or controlled by the "prosecution team." The Government has an obligation to disclose exculpatory evidence that is material either to guilt or to punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The government is presumed to have knowledge of all information gathered during the investigation and has a duty to learn of any favorable evidence, but such duty is not without limit. *See United States v. Meregildo*, 920 F.Supp. 2d 434, 440 (S.D.N.Y. 2013) (holding that *Brady* does not require the government to act as a private investigator and valet for the defendant).

Defense counsel argues that the Government has not provided a reason for why the new evidence was not disclosed earlier and suggests that some of the new evidence includes Boswell's own written statements to the Trustee. Defense counsel asserts that the

Trustee has been in possession of these statements for over 10 years, but the statements were never disclosed to the defense.

Defense counsel maintains that Boswell has been prejudiced and contends that this newly turned over evidence would have changed the focus of defense counsel's investigation. Defense counsel complains that he does not have adequate time to fully investigate the business relationship and apparent animosity between Boswell and a former business partner, Howard Wells, the subject of much of the newly disclosed evidence. Thus, defense counsel moves to exclude this new evidence.

The Government remarks that it produced discovery on or about April 15, 2019, of approximately 14,800 pages and advised that at that time it was not aware of any Rule 404(b) evidence. On September 24, 2019, the Government supplemented its discovery production with 8,000 more pages, in addition to other information, including financial records comprised of tax transcripts and bank records. The parties have acknowledged that the instant case is complex and would involve thousands of documents.[4]

On May 26, 2022,[5] the Government again supplemented its production of documents, which it admits was an inadvertent omission. The Government notes that the previous production of documents included the account opening documents for over thirty different bank accounts; for three (3) of these accounts, the account statements were not included. The Government informs the Court that as soon as the oversight was discovered, it immediately produced the omitted documents.[6]

---

[4] Docs. 23, 27.
[5] The Government made these documents available to defense counsel on April 28, 2022.
[6] Government's exhibit A.

As to the discovery productions made on April 28, 2022, and May 18, 2022, this production included material in the witness's possession (*i.e.,* U.S. Trustee's Office personnel and Howard Wells), and not in the Government's custody. The Government notes that the items in possession of the U.S. Trustee's Office were emails from Boswell, and the Section 341 creditors' hearing recording, all of which were equally available to Boswell.

The Government argues that the creditor's hearing recording does not violate Federal Rule of Criminal Procedure 16(a)(1)(A) because Boswell was not being interrogated when his answers were recorded by the standing Chapter 7 Trustee. In addition, the U.S. Trustee Office records were not in the Government's exclusive control and the U.S. Trustee is not a part of the prosecution team.

As to any documents that were in possession of Howard Wells, a lay witness's records could be imputed to the Government if law enforcement had executed a search warrant and seized the evidence, which is not how these documents were obtained. In addition, Boswell was well aware of the content of the letters, authored by Boswell to Wells discussing Boswell's tax debts as well as threats made against Wells if he did not accept Boswell's offers for repayment of a debt.

The Government maintains that it was not withholding evidence but was exercising due diligence by immediately tendering the evidence as soon as it was discovered. As to the April 28, 2022 records made available to defense counsel, the Government remarks that these four banker's boxes, which are largely duplicative of records that defense counsel

produced to the Government as reciprocal discovery, were produced by Defendant's sister, Brenda Murphy.

Finally, the Government remarks that it produced all Jencks Act material well in advance of the usual timeframe (Friday before trial) because of the complexity of the case and volume of material it encompassed.

The Court finds that any prejudice to Defendant has been removed, considering the trial is now set for September 12, 2022. Furthermore, there is no evidence that the Government intentionally failed to disclose the evidence, and Boswell was completely aware of the contents of much of the evidence, considering he either authored it, spoke it, or it was his own financial records and/or bankruptcy proceeding records. As such, the Court is not inclined to exclude the newly discovered evidence.

*Any evidence of the defendant's personal or business dealing occurring before or after the dates of the charged conduct—September 22, 2011, through August 29, 2013*

Defense counsel moves to exclude certain evidence from before and after the charged conduct as irrelevant and/or because the Government's notice of intent to use this evidence is too late, noting that the evidence was introduced on May 13, 2022, after the January 2022 trial date.[7] Alternatively, defense counsel maintains that the Government's notice of intent to use this evidence provided on May 13, 2022, is too late.

Rule 403(b)(3) of the Federal Rule of Evidence requires the Government to provide the defendant "reasonable notice of any such evidence that the prosecutor intends to offer at trial, so the defendant has a fair opportunity to meet it."

---

[7] The trial was ultimately continued due to the unavailability of a necessary Government witness.

Defense counsel argues that because Boswell is not being charged with any conduct from before or after the bankruptcy proceeding, any evidence of Boswell's personal or business affairs that occurred before or after the bankruptcy proceedings are irrelevant, and/or they would only serve to either prejudice or confuse the jury.

Counsel also argues that the evidence is irrelevant because it occurred before or after the bankruptcy proceedings and would only serve to confuse the issues and prejudice Boswell by making the trial about Boswell's business style and not his alleged bankruptcy fraud. Alternatively, defense counsel maintains that the evidence should be barred because the evidence is outside the dates charged in the indictment.

The Government maintains that it is not required to prove the exact date alleged in the indictment. See Fifth Circuit Pattern Jury Instruction, Criminal No. 1.18. Thus, the Government argues that it should be allowed to offer such evidence that is related to Boswell's financial arrangements and business dealings. The Government notes that Boswell listed nine years' worth of tax debt on his bankruptcy filings, and in order to establish to the jury the falsity of his representations and omissions, the Government will discuss those and other debts across time.

The Court finds that such evidence will be permitted at trial, but only after a proper foundation has been laid as to its authenticity and relevancy. The Court is cognizant that the instant charges are for bankruptcy fraud (concealing assets, including monies earned from nominee businesses and service contracts) and tax evasion (concealing income for the calendar tax years from 2001 through 2009 ), and finds that any evidence offered by the Government that would prove the elements of each of the indicted counts will be

admissible. However, because the Court is not privy as to what that evidence is, it is premature to rule as to whether or not, said evidence is admissible. Furthermore, the Court will not issue a blanket rule over evidence outside of the charged time period, without having more information regarding such evidence. As to defense counsel's concern of prejudice, such has been removed due to the trial being reset for September 12, 2022.

*Evidence or testimony of Boswell's former business and personal relationship with Howard Wells because such evidence is overly prejudicial and irrelevant to the charged conduct*

Defense counsel moves to exclude evidence or testimony about Howard Wells' failed business relationship with Boswell. Defense counsel contends the evidence should be excluded because it was provided late, is irrelevant and overly prejudicial, and it amounts to impermissible character evidence.

Defense counsel argues that the fact that Wells was a creditor is certainly admissible as background to the bankruptcy, but the details about the debt and/or the falling out of Wells and Boswell is not relevant to the charges. Defense counsel further argues that even if relevant, it is completely outweighed by the significantly prejudicial nature of the evidence.

The Government argues that it should be able to present the testimony and other evidence of Howard Wells because he is one of the listed creditors in the bankruptcy, and there is no known authority that would preclude a creditor from testifying in a bankruptcy fraud trial about the debt he is owed and the circumstances surrounding the debt.

Again, the Court is not inclined to make a blanket rule to exclude the evidence or testimony about Howard Wells without knowing the details of the evidence in order for the

Court to determine its relevancy. Defense counsel remarks that the evidence involves a business entity created around 2005 or 2006 which failed around 2008. The Court finds that it is premature to rule as to whether or not said evidence is admissible. If the evidence tends to prove the elements of the Counts charged, and the Government establishes a proper foundation, the Court will deem the evidence as admissible. However, to the extent the evidence is offered to paint Boswell as a person of bad character that would prejudice the jury, the evidence will not be admissible.

## CONCLUSION

For the reasons set forth herein above,

**IT IS ORDERED** that the Motion in Limine (Doc. 83) is **DENIED.**

**THUS DONE AND SIGNED** in Chambers, this 15th day of August, 2022.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**