UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:18-CR-00162-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JOSEPH BOSWELL SR (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is "Randy Boswell's Motion to Stay Sentence Pending Appeal" (Doc. 172) wherein Defendant Joseph Boswell, Sr. requests that his sentence of imprisonment be stayed pending his appeal to the United States Court of Appeals for the Fifth Circuit.

The release of a criminal defendant pending appeal is governed by 18 U.S.C. § 3143(b)(1), which states:

> **Release or detention pending appeal by the defendant.-- . . .** [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has failed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (C)
>     (i)    reversal, [or]
>
>     (ii)    an order for a new trial,

> . . . If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b)(or (c) of this title.

18 U.S.C. § 3143(b)(1).

Defendant Boswell was charged with concealment of bankruptcy estate assets in violation of 18 U.S.C. § 152(1) and evasion of payment of taxes owed in violation of 26 U.S.C. § 7201.[1] Boswell was convicted by a jury on both Counts and subsequently sentenced to 60 months imprisonment.[2]

Boswell raises the following alleged errors on appeal: (1) denial of a bill of particulars; (2) the charge of bankruptcy concealment was prescribed; (3) a constructive amendment as to the bankruptcy concealment occurred at trial; and (4) Boswell's sentence incorrectly adjusted his sentence for an intended loss.

Boswell also remarks that he is not a flight risk, nor does he pose any danger to anyone, his appeal is not for the purpose of delay, and his appeal raises at least one substantial question of law or fact as to both convictions. Boswell argues that if these questions are resolved in his favor, he will likely be entitled to a new trial on both convictions.

The government asserts that there is no constitutional right to bail following conviction and sentencing and the statutory presumption is against the granting of release pending appeal. The government argues that Boswell has not rebutted the presumption of detention.

---

[1] Docs. 8 and 130.
[2] Doc. 170.

The Bail Reform Act of 1984 establishes a presumption that a defendant's conviction and sentence are correct and places "the burden on the convicted defendant to overcome that presumption." *United States v. Valera-Elizondo*, 761 F.2d 1020, 1023 (5th Cir. 1985). A defendant has no constitutional right to release pending appeal. *United States v. Williams*, 822 F.2d, 517 (5th Cir. 1987).

There is a presumption of detention for a defendant sentenced to a term of imprisonment. 18 U.S.C. §3143(b); *Williams*, 822 F.2d at 517. To overcome this presumption, a defendant must show by clear and convincing evidence 1) that he is neither a flight risk nor a danger to the safety of others; 2) that his appeal is not a delaying mechanism; 3) that it involves "a substantial question of law or fact"; and 4) that this substantial question, if decided in his favor, is "likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b); *Valera-Elizondo*, 761 F.2d at 1025 (5th Cir.1985). The Fifth Circuit has recognized that Congress intended to significantly limit the availability of release pending appeal by enacting § 3143(b). *Valera-Elizondo*, 761 F.2d at 1024-025.

The Government concedes for purposes of this motion that Boswell is not likely to flee, and the appeal is not taken for purposes of delay. However, the Government maintains that Boswell's appeal does not raise substantial questions likely to result in a reversal, a new trial, or a reduced or no sentence.

A "substantial question" is "one that is 'close' or 'that could very well be decided the other way ...'" *United States v. Clark*, 917 F.2d 177, 180 (5th Cir. 1990) (citations omitted). See also *Valera-Elizondo*, 761 F.2d at 1024 ("'[S]ubstantial question' means that the issue presented must raise a substantial doubt (not merely a fair doubt) as to the outcome of its resolution"). "First, the court must determine that the question raised on appeal is . . . a question that is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *Valera-Elizondo*, 761 F.2d at 1023. To show that the question presented by appeal is "substantial," it is not sufficient to show simply that reasonable judges could differ or that issue is fairly debatable or not frivolous; however, a defendant does not have to show that it is likely or probable that he or she will prevail on the issue on appeal. *United States v. Powell*, 761 F.2d 1227 (8th Cir. 1985).

The second determination is "whether that issue is sufficiently important to the merits that a contrary appellate ruling is likely to require reversal or a new trial." *Id*. A defendant's motion for release on bond may be granted if the court finds "that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *Valera-Elizondo*, 761 F.2d at 1025.

The government remarks that this Court denied Boswell's Motion to Dismiss Count 1 as to the bankruptcy concealment based on a finding that the original indictment returned by a grand jury on July 13, 2018, was within the statute of limitations.[3] As to the bill of

---

[3] The court order dismissing Boswell's bankruptcy case did not issue until October 4, 2013.

particulars regarding the bankruptcy concealment, Boswell complains that the government did not specify the alleged concealed assets. The government contends that even if Boswell was successful in challenging this Court's denial of Boswell's request for a bill of particulars, he would still face 60 months for the tax evasion count.

As to the constructive amendment, the Government contends that there was no constructive amendment to the Superseding Indictment. The Government remarks that Boswell knew that the monies from the nominee businesses were the concealed assets of his bankruptcy estate.

A variance occurs when, at trial, the government presents evidence that is different from the evidence alleged or implied in the indictment. See *United States v. Ratliff-White*, 493 F.3d 812, 819-24 (7th Cir. 2007), whereas constructive amendment occurs when an offense the grand jury did not vote on is proven at trial. See *Stirone v. United States*, 361 U.S. 212, 217-19 (1960) (a critical element of the offense was not in the indictment); *United States v. McKee*, 506 F.3d 225, 229-32 (3rd Cir. 2007).

Variance in the evidence may be permitted if the evidence actually presented (and subsequent arguments and jury instructions) relate to and prove the crime charged in the indictment, notwithstanding the manner in which the evidence may have been described in the indictment. See *United States v. Patino*, 962 F.2d 263, 265-66 (2d Cir. 1991) (prosecution argued guns not mentioned in the indictment; defendant "had sufficient notice of the core criminal conduct for which he was charged"). A variance may be fatal only when the defendant is substantially

prejudiced in his defense because he cannot anticipate from the indictment what evidence will be presented against him. *Ratliff-White*, 493 F.3d at 820, 822. The defendant must show a particular and substantial prejudice that was caused by having to face different evidence. Federal Rule of Criminal Procedure 52(a); *Berger v. United States*, 295 U.S. 78, 82 (1935); *United States v. Hughes*, 505 F.3d 578, 587 (6th Cir. 2007) ("To demonstrate substantial prejudice, the appellant must show that the variance prejudiced his ability to defend himself or prejudiced the overall fairness of the trial"); *United States v. Womack*, 496 F.3d 791, 794 (7th Cir. 2007).

Variances are not reversible error unless the defendant can show prejudice, but no prejudice is required if there has been a Constructive Amendment. See *United States v. Salmonese*, 352 F.3d 608, 621-22 (2d Cir. 2003). "Constructive Amendment is a per se violation of the Fifth Amendment." *United States v. Milstein*, 401 F.3d 53, 65 (2d Cir. 2005).

Here, Boswell had notice of the counts in the Superseding Indictment and the evidence presented at trial was commensurate with the crimes charged in the Superseding Indictment. The Government did not present evidence that was different from what was alleged or implied in the Superseding Indictment. Thus, Boswell cannot establish that there was a Constructive Amendment, nor can he establish that if there was a variance, he was prejudiced to the extent that he could not defend himself at trial.

## CONCLUSION

After due consideration, Boswell has not established that his appeal involves a substantial question of law or fact likely to result in a reversal, a new trial, or a reduced or no sentence. Accordingly,

**IT IS ORDERED** that Randy Boswell's Motion to Stay Sentence Pending Appeal (Doc. 172) is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 13th day of June, 2023.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**