UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:18-CR-00162-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JOSEPH BOSWELL SR (01)** | **MAGISTRATE JUDGE LEBLANC** |

# ORDER

Before the Court is a "Motion to Correct Judgment" (Doc. 256), filed by Defendant, Joseph "Randy" Boswell, Sr., through counsel, wherein Boswell requests that this Court amend its prior Amended Judgment[1] that set forth a restitution amount of $646,259.70. The Amended Judgment expressly states that as a condition of supervised release, Boswell was to pay restitution to the Internal Revenue Service as follows:

> As a special condition of supervised release, you must make restitution in the amount of $646,259.70. Payments toward any unpaid balance of restitution must begin within 30 days of commencement of supervised release and must be paid at the rate of at least 10% of your gross income per month but shall not be less than $1,000.00 per month. Payments shall be made payable to "Clerk U.S. Courts" for disbursement to the victims.[2]

The parties do not dispute that this Court may impose restitution for Title 26 offenses as a term of supervised release. *United States v. Miller*, 406 F.3d 323, 329 (5th Cir. 2005). Boswell argues that because the restitution is only owed as a condition of

---

[1] Doc. 253.
[2] *Id.* p. 4.

supervised release, it cannot be collected until his term of supervised release has commenced.

Boswell argues that the Court's inclusion of the restitution on page five of the Amended Judgment under the "Criminal Monetary Penalties" section of the written is clear error because it creates an unlawful restitution judgment. Boswell requests that the restitution amount under the "Criminal Monetary Penalties" section should be removed to make clear that the restitution amount is not required until the beginning of his term of supervised release, citing *USA v. Kissentaner*, 2024 WL 3949071, at *5 (5th Cir. Aug. 27, 2024) (citing *United States v. Westbrooks*, 858 F.3d 317, 328 (5th Cir. 2017), *vacated on other grounds*, 138 S.Ct. 1323 (29108).

Here, the Court agrees that Boswell does not owe restitution until he begins his term of supervised release. However, it appears that the Government has issued four garnishment orders to The Maintenance Department, LLC; Paxos Unlimited, LLC; PFS Investments, LLC; and Alto IRA; furthermore, the Government has received $5,432.34 from these active garnishments.[3] However, after the Amended Judgment was issued on November 26, 2024, the Government sent letters to all four entities that were garnished, and requested that they not withhold earnings, or remit payments to the Government until further notice.[4] Additionally, the Government has informed the Clerk of Court of the Amended Judgment and requested that it not disburse the garnished funds.

---

[3] Government exhibit B.
[4] Government exhibit A.

Consequently, the Government argues that because Boswell is not prejudiced, considering he cannot show irreparable harm, there is no justification to amend the Amended Judgment. The Government remarks that in *United States v. Roller*, Civil Action13-00037, 2017 WL 2983092 *1 (W.D. La. July 11, 2017), the Court ordered that the garnished funds be held in deposit with the Clerk of Court pending the Defendant's appeal. The Government notes that the appeal process in this matter is complete, and there is no doubt that Boswell owes the restitution once he is released from prison and on supervised release. As such, he cannot show that he will suffer irreparable injury if the $5,432.34 in garnished proceeds that are now deposited with the Clerk of Court, is continued to be held by the Clerk of Court, and applied to his restitution balance when he is released. The Government also notes that under the Federal Debt Collection Procedures Act, it has an interest in these assets and will have a right to garnish funds during Defendant's term of supervised release.

The Government asks this Court to deny Boswell's motion and allow the Clerk of Court to hold on deposit the $5,432.34 in funds that were garnished and disburse those funds to the Internal Revenue Service when they become due during Boswell's supervised release. Here, Boswell has made no allegation that he will suffer irreparable injury. As to the already garnished funds, those funds can remain on deposit and held by the Clerk of Court, and the Amended Judgment clearly indicates that the remaining restitution, will commence upon Boswell's release from prison once his supervised release begins.

Accordingly,

**IT IS ORDERED** that the Motion to Correct Judgment (Doc. 256) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court is to hold the $5,432.34 currently on deposit with the registry of the Court as it relates to Boswell's conditions of supervised release and restitution.

**THUS DONE AND SIGNED** in Chambers on this 15th day of January, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**