UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:18-CR-00162-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JOSEPH BOSWELL SR (01)** | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM ORDER**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 264) filed by *pro se* Defendant, Joseph Boswell, Sr. Defendant, Boswell maintains that he had ineffective assistance of counsel, and that his counsel's representation fell below the objective standards of reasonableness, which was prejudicial to his defense.

**BACKGROUND**

Boswell was indicted by a federal grand jury in a superseding indictment charging him with bankruptcy fraud in violation of 18 U.S.C. § 152(a) (Count 1) and attempt to evade and defeat payment of tax in violation of 26 U.S.C. § 7201 (Count 2).[1] Claiming he was not financially able to employ counsel, the Office of the Federal Public Defender was appointed to represent Boswell.[2]

A six-day jury trial returned a unanimous verdict of guilt as to both counts charged.[3] Thereafter, Boswell was sentenced to 60 months as to each count to run concurrently,

---

[1] Rec. Doc. 8.
[2] Doc. 18.
[3] Docs. 116-120, 131.

followed by three years of supervised release.[4] Subsequently, this Court also ordered Boswell to pay restitution in the amount of $646,259.70.[5]

Boswell's attorney filed a notice of appeal as to the conviction. The Fifth Circuit reversed the conviction on count one (bankruptcy fraud by concealing assets) finding the that Government failed to demonstrate a legitimate prosecutorial purpose for sealing the indictment, which in turn failed to toll the statute of limitations.[6] Count two (attempt to evade and defeat payment of tax) was affirmed and the matter was remanded to this Court for resentencing. At resentencing, the Court sentenced Boswell to 60 months as to Count 2, followed by three years of supervised release, and $646,259.70 in restitution.[7]

## RELEVANT FACTS

The facts established at trial showed that Boswell, in a very well-thought and contrived scheme, hid assets and income from the Internal Revenue Service ("IRS") by setting up nominal companies with his friends and family as "owners," solely to hide business and personal income and assets from the IRS, as well as the bankruptcy court. The evidence also showed that despite not being named as the owner of these companies, Boswell was in control over the finances as well as being the monetary beneficiary, which allowed him to live a lavish lifestyle without paying his fair share of taxes on the income derived from these nominal companies as part of his pizza oven cleaning business.

---

[4] Doc. 167.
[5] Doc. 183.
[6] Doc. 244.
[7] Doc. 252.

## LAW AND ANALYSIS

Boswell asserts ineffective assistance of counsel on the following grounds for relief under 28 U.S.C. § 2255

- At the pretrial and trial stages; failure to advise Boswell of his rights, failure to call crucial witnesses, failure to investigate, and failure to ensure Boswell's right to testify

- At the Sentencing; failure to properly challenge the Presentence Report ("PSR"), failure to object to sentencing enhancements, and failure to advocate for mitigation of punishment

- Prejudicial inclusion of Count 1 and sentencing errors; the inclusion of count 1 (bankruptcy fraud) later reversed on appeal, excessive sentencing enhancements applied without sufficient evidence.

- Appellate counsel; failure to raise critical issues on appeal, including ineffective trial counsel claims, prejudicial inclusion of count 1, and excessive sentencing enhancements.

## GENERAL APPLICABLE LAW as to § 28 U.S.C. § 2255

The issues that a defendant can present in a § 2255 motion are limited. In a motion to vacate, set aside or correct sentence, a defendant may present four cognizable grounds, which include the following: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

Even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally because collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc). *See also*, *United States v. Marion*, 248 F.3d 1143, 143 (5th Cir. 2001) ("Because Marion has been convicted and has exhausted his appeal rights, the court on collateral review may presume that he stands fairly and finally convicted."). If claims of constitutional or jurisdictional import are not raised on direct appeal, the claims are procedurally defaulted and can only be considered in a § 2255 proceeding if a movant can show cause for his failure to raise his claims on appeal and actual prejudice resulting from the alleged errors. *Placente*, 81 F.3d at 558 ("[A] defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default and actual prejudice due to any such error."); *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) ("When raising issues of jurisdictional or constitutional magnitude for the first time on collateral review, a defendant ordinarily must show both cause for his procedural default and actual prejudice resulting from the error."). Even if a defendant cannot establish cause or prejudice, procedurally defaulted claims can be considered for the first time in a § 2255 proceeding if the movant can show that he is actually innocent. *Bousley*, 523 U.S. at 622 ("Where a defendant has

procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' or actual 'prejudice' . . . or that he is 'actually innocent.'"). Without a "colorable showing of factual innocence," he fails to show a fundamental miscarriage of justice. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993).

*Ineffective assistance of counsel*

Challenges to the effective assistance of counsel can be considered under 28 U.S.C. § 2255 without the defendant overcoming the procedural bar described above. *Massaro v. United States*, 538 U.S. 500, 509 (2003) (holding that claims of ineffective assistance of counsel may be raised for the first time in a proceeding under 28 U.S.C. § 2255); *United States v. Ramos*, 801 F. App'x 216, 226 (5th Cir. 2020) (citing *Massaro* for proposition that "[t]he Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising claims of ineffective assistance of counsel").

To establish that defense counsel was constitutionally ineffective, a defendant must prove that counsel's representation "fell below an objective standard of reasonableness" and that any such deficiency was "prejudicial to the defense." *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). *See also*, *United States v. Scott*, 11 F.4th 364, 368-369 (5th Cir. 2021) (reiterating two-prong *Strickland* test); *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020) (reiterating two-prong *Strickland* test).

The former component of the test authorizes only "highly deferential" judicial scrutiny and requires the defendant to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Anderson v.*

*Collins*, 18 F.3d 1208, 1215 (5th Cir. 1994) (citing *Strickland*, 466 U.S. at 689); *Scott*, 11 F.4th at 369. To meet the second prong of *Strickland*, the defendant must show that counsel's deficient performance resulted in actual prejudice to the defendant. Thus, the defendant must show there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 695. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. at 694.

The defendant must establish both prongs of this test. *United States v. Kimler,* 167 F.3d 889, 893 (5th Cir. 1999) ("If we determine that Kimler's claims lack merit and therefore that he did not suffer prejudice from his attorney's failure to raise them, there is no need to consider both *Strickland* prongs."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."). If the defendant fails to establish one prong, the other one need not be considered. *Scott*, 11 F.4th at 372 (not addressing second prong of *Strickland* test because first one was not established by defendant); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

*Failure to advise Boswell of his rights, failure to call crucial witnesses, failure to investigate, and failure to ensure Boswell's right to testify*

To establish that defense counsel was constitutionally ineffective, a defendant must prove that counsel's representation "fell below an objective standard of reasonableness" and that any such deficiency was "prejudicial to the defense." *Strickland v. Washington*,

Page **6** of **15**

466 U.S. 668, 688, 692 (1984). *See also*, *United States v. Scott*, 11 F.4th 364, 368-369 (5th Cir. 2021) (reiterating two-prong *Strickland* test); *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020) (reiterating two-prong *Strickland* test). Showing prejudice is a "heavy burden." *United States v. Wines*, 691 F.3d 599, 606 (5th Cir. 2012).

The former component of the test authorizes only "highly deferential" judicial scrutiny and requires the defendant to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Anderson v. Collins*, 18 F.3d 1208, 1215 (5th Cir. 1994) (citing *Strickland*, 466 U.S. at 689); *Scott*, 11 F.4th at 369. To meet the second prong of *Strickland*, the defendant must show that counsel's deficient performance resulted in actual prejudice to the defendant. Thus, the defendant must show there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 695. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. at 694.

The defendant must establish both prongs of this test. *United States v. Kimler,* 167 F.3d 889, 893 (5th Cir. 1999) ("If we determine that Kimler's claims lack merit and therefore that he did not suffer prejudice from his attorney's failure to raise them, there is no need to consider both *Strickland* prongs."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."). If the defendant fails to establish one prong, the other one need not be considered. *Scott*, 11 F.4th at 372 (not addressing second prong of *Strickland* test because first one was not established by defendant); *Armstead v. Scott*, 37 F.3d 202,

210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

Boswell complains that his counsel failed to fully explain the significance of his right to testify in his own defense, depriving him of the opportunity to correct lies and misconceptions presented by the Government's witnesses. Boswell relies on *Rock V. Arkansas*, 483 U.S. 44 (1987), wherein the Supreme Court emphasized that a defendant has an absolute right to testify in their defense, and failure to respect that right can lead to prejudice.

Boswell then complains that his counsel advised him not to testify, citing overconfidence in the Government's weak case. Boswell argues that the failure to preserve his right to testify rendered the trial unfair, which directly impacted the outcome of the trial.

The Government relies on Boswell's statement at sentencing to show that his decision not to testify was a joint decision between him and his counsel. During sentencing, Boswell stated the following:

> I did not testify in court because I and my defense team felt that the prosecution did not prove their case. We believed that they did not prove that I was guilty of what I was being charged with. That decision not to testify, especially if the appeals court does work out, shall haunt me for the rest of my life.[8]

Additionally, he states that "I did not do this so I did not testify,"[9] and "I have lost sleep over not testifying."[10] The Court finds that Boswell has failed to show that his and

---

[8] Doc. 181, Sent. Tr. P. 50.
[9] *Id.*
[10] *Id.*

his attorney's decision for him to not testify was unreasonable, nor has he shown that but for his counsel's alleged errors, the outcome would have been any different.

Boswell challenges his trial counsel's failure to investigate and call key witnesses, specifically identifying Chris Chesson, his bankruptcy attorney. Boswell suggests that Chesson would have testified that the bankruptcy filings were not fraudulent, which would have directly contradicted the Government's claims. Boswell argues that the failure to investigate crucial evidence constitutes ineffective assistance, and Chesson's testimony could have changed the outcome of the trial.

To prevail on an assertion based upon the failure to call witnesses, a defendant must name a witness, "demonstrate that the witness would have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable." *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010) (citation omitted).

The Government remarks that due to the Fifth Circuit vacating the bankruptcy fraud conviction, the failure to call Boswell's bankruptcy attorney as a witness is immaterial and not prejudicial. The Government also notes that Boswell has failed to establish that Chesson would have testified at the trial of this matter. More significantly, Boswell fails to establish how having his bankruptcy attorney testify as to his bankruptcy proceeding would give him a favorable outcome concerning his tax evasion conviction. Boswell asserts that Chesson's testimony would somehow make Boswell credible. The Court finds Boswell's arguments without merit.

Boswell asserts that his counsel did not object to the Government's introduction of prejudicial evidence regarding his finances and business practices, citing *United States v.*

*Garza*, 512 F.3d 539 (5th Cir. 2007) (failing to object to unfairly prejudicial evidence can undermine a defendants' right to a fair trial). Boswell does not inform the Court as to the specific prejudicial evidence he now challenges, or how his counsel improperly failed to object to this evidence, other than this evidence portrayed him as being dishonest. The Court finds that his argument has no merit.

*Failure to properly challenge the Presentence Report ("PSR"), failure to object to sentencing enhancements, and failure to advocate for mitigation of punishment*

Boswell complains that his counsel failed to challenge the PSR, which inaccurately applied sentencing enhancements for "sophisticated means," a "leadership role," and the use of a minor. Boswell suggests that this was not supported by the evidence submitted at trial. Boswell relies on *United States v. Conley*, 349 F.3d 837 (5th Cir. 2003), wherein the Fifth Circuit ruled that enhancements must be supported by the trial evidence. Thus, Boswell opines that the PSR's inaccuracies resulted in an inflated sentence.

The Government remarks that the technical application of sentencing enhancements of the sentencing guidelines for "sophisticated means" and "leadership roles" may not be raised in a § 2255 proceeding. *Vaughn*, 955 F.2d at 368; *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994). The Government further remarks that Boswell's attorney did object to the enhancements for his "leadership role" and "use of a minor."[11]

The Government also argues that the alleged failure to object to the "sophisticated means" enhancement cannot be considered ineffective, because that objection would be

---

[11] Doc. 160, pp. 7-9, Objections to PSR.

meritless. The Government notes that the PSR reflects a 2-level increase un U.S.S.G. § 2T1.1(b)(2) as follows:

> The defendant used multiple nominee businesses to facilitate his concealment of assets. He intentionally removed his name from the companies and accounts. He caused business entities to be established with the assistance of other participants, for the purpose of concealing his repurchase of his home.[12]

The Government contends that Boswell has not presented any argument or jurisprudence to establish that this enhancement was not applicable, noting that U.S.S.G § 2T1.1, comment. (n. 5) defines "sophisticated means" as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." As such, the Government opines that Boswell's conduct falls within the purview of that guideline. See e.g. *United States v. Clements*, 73 F.3d 1330, 1340 (5th Cir. 1996) (affirming sophisticated means enhancement as to defendant who deposited cashier's checks into wife's account to conceal link between money and himself and "undeniably made it more difficult for the IRS to detect his evasion").

In his reply, Boswell attempts to point out factual errors allegedly made or overlooked by the Government. Boswell does not provide the Court with any evidence or cite to the trial record to support these alleged inaccuracies. Instead, he requests an evidentiary hearing to expand the record on his ineffective assistance claim. However, Boswell does not explain how these alleged inaccuracies bare on the § 3553(a) factors considered by the Court at sentencing.

---

[12] Doc. 166, PSR, ¶ 41.

Boswell also complains that his counsel failed to present mitigating factors, such as Boswell's lack of criminal history citing *Kimbrough v. United States*, 552 U.S. (2007), nor did counsel object to the improper application of sentencing enhancements in the PSR. Boswell argues that counsel's failure to challenge these errors resulted in a sentence that was disproportionate to the facts of his case.

Again, Boswell's remembrance of his counsel's representation is somewhat confusing. As noted by the Government, Boswell's attorney filed a 12-page objection, outlining 6 distinct objections to the PSR, to which he made very detailed and vigorous arguments.[13] Additionally, at the sentencing hearing, after submitting a very well written, detailed sentencing memorandum,[14] Boswell's attorney intensely argued for a sentence of probation.[15]

At the conclusion of the hearing the Court granted one of Boswell's attorney's objections and sentenced Boswell to 60 months, despite a guideline range of 120 months.[16]

The Court finds that Boswell has failed to establish that his counsel was ineffective at the sentencing.

*Inclusion of count 1 (bankruptcy fraud) later reversed on appeal, excessive sentencing enhancements applied without sufficient evidence.*

Boswell contends that the inclusion of Count 1 (bankruptcy fraud) at the trial significantly prejudiced him and led the jury to focus on allegations that were later deemed invalid. Boswell asserts that in *Broadnax v. United States*, 900 F.3d 256 (5th Cir. 2018) the

---

[13] Doc. 160.
[14] Doc. 163.
[15] Doc. 181, Sent. Tr. pp. 73-74.
[16] Doc. 181, Sent. Tr. p. 82.

...

court held that the inclusion of improper charges can unfairly influence a jury thus, undermining the fairness of a conviction, such that, had it been excluded, the outcome of the trial may have been different.

The Court finds no merit to Boswell's arguments here. As noted by the Government, his issue was addressed and rejected by the Fifth Circuit, which after a discussion held, "Therefore, our decision regarding Count One's invalidity does not implicate the invalidity of Count Two."[17] The Court cannot consider this claim, for "once a claim is raised and adjudicated on direct appeal, the prisoner cannot re-raise the claim under § 2255 absent a change in law." *United States v. Davis*, 971 F.3d 524, 531 (5th Cir. 2020) (citing *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).)

*Failure to raise critical issues on appeal, including ineffective trial counsel claims, prejudicial inclusion of count 1, and excessive sentencing enhancements.*

Finally, Boswell contends that his appellate counsel failed to raise several critical issues that would have undermined his conviction and sentence. Specifically, Boswell complains that his appellate counsel did not raise the ineffective assistance of trial counsel claims, the prejudicial inclusion of count 1, or the excessive sentencing enhancements. Boswell relies on *Evitts v. Lucey*, 469 U.S. 387 (1985) wherein the Supreme Court reaffirmed that defendants are entitled to effective assistance of appellate counsel. Boswell maintains that his counsel's failure to raise these issues on appeal deprived him of a meaningful opportunity for relief.

---

[17] Doc. 244, p. 20.

To render effective assistance of counsel, appellate counsel need not raise every nonfrivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *Phillips*, 210 F.3d at 348 (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law or make an informed decision that certain avenues will not prove fruitful." *Williamson,* 183 F.3d at 462–63 (cleaned up). To render effective assistance, "[a]ppellate counsel need not raise every nonfrivolous ground of appeal, but should instead present solid, meritorious arguments based on directly controlling precedent." *United States v. Valas*, 40 F.4th 253, 260 (5th Cir. 2022) (cleaned up). *See also, United States v. Slape*, 44 F.4th 356, 360 (5th Cir. 2022) ("As we've consistently observed, the Sixth Amendment's reasonableness standard does not require counsel to guess correctly on questions of first impression, but merely to present 'directly controlling precedents' in support of meritorious arguments their clients might beneficially advance.").

As to Boswell's complaint that his appellate attorney should have raised the ineffective assistance of counsel claim on appeal, allegations of ineffective assistance of counsel cannot be raised on direct appeal. *See e.g. United States v. Green*, 47 F.4th 279, 296 (5th Cir. 2022) (holding that ineffective assistance of counsel claims cannot generally be considered on direct appeal because the record is not sufficiently developed); *United States v. Aguilar,* 503 F.3d 431, 436 (5th Cir. 2007) (same).

Boswell also complains that his appellate counsel failed to raise the prejudicial effect of the inclusion of Count 1 at his trial. Boswell is incorrect. The appellate counsel made that argument and the Fifth Circuit rejected it. In fact, Boswell's appellate counsel was so effective, he successfully convinced the Fifth Circuit to reverse Boswell's conviction as to Count 1.

## **CONCLUSION**

For the reasons explained herein,

**IT IS ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 264) filed by *pro se* Defendant, Joseph Boswell, Sr. is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 9th day of February, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**